Case 4:24-cv-04667   Document 38   Filed on 02/24/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
February 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFF OLLEY, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | CASE NO. 4:24-CV-4667 |
| v. | § | |
| | § | |
| ADRIANNE S. TODMAN, *et al.*, | § | |
| *Defendants*. | § | |

# **ORDER**[1]

Before the Court is *pro se* Plaintiffs' motion for additional time to serve Defendants Teneshia Hudspeth and Judge Audrie Lawton-Evans. ECF No. 35. Broadly construing their motion, Plaintiffs appear to ask for additional time to serve these defendants under Rule 4(i), which governs service on the United States, because the "Harris County Attorney is the legal representative of Harris County and their officials," such as the unserved defendants. ECF No. 35 at 5.[2]

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Rule 4(l)

---

[1] The district judge to whom this case is assigned referred all pre-trial proceedings to the undersigned. Referral Order, ECF No. 5.

[2] Plaintiffs also mistakenly assert that today, February 24, 2025, is when service is due. That is incorrect. Federal Rule of Civil Procedure 4(m) provides that a defendant must be served within "90 days after the complaint is filed." Ninety days from the complaint's filing, November 22, 2024, was February 20, 2025.

requires proof of service to be made to the court, unless service is waived. Fed. R. Civ. P. 4(l). Under Rule 4(i), "[t]he court must allow a party a reasonable time to cure its failure to: serve a person required to be served under Rule 4(i)(2),[3] if the party has served either the United States attorney or the Attorney General of the United States; or serve the United States under Rule 4(i)(3),[4] if the party has served the United States officer or employee." Fed. R. Civ. P. 4(i)(4). As a state court judge and a county clerk, the unserved defendants are not individuals contemplated in Rule 4(i). Even so, the Court will grant Plaintiffs additional time to serve these defendants, but cautions Plaintiffs that if they fail to file proof of service by March 7, 2025, the Court may recommend dismissal of these Defendants pursuant to Rule 4(m).

It is **ORDERED** that Plaintiffs' motion for leave is **GRANTED**. ECF No. 35.

It is further **ORDERED** that the clerk of court send a copy of this Order to Plaintiff by first-class mail.

Signed at Houston, Texas, on February 24, 2025.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

[3] "To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).

[4] "To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4 (i)(3).